IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHRISTOPHER SANDERS, BOP REG. #62316-066, AND THE SANDERS FAMILY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. No. 18-00262 DKW-KSC<br><br>ORDER DISMISSING ACTION AND DENYING IN FORMA PAUPERIS APPLICATION |
| Plaintiffs, | | |
| vs. | | |
| THE CITY AND STATE OF H. HAWAII, AND THE UNITED STATES OF AMERICA, | | |
| Defendants. | | |

Before the court is pro se Plaintiff Christopher Sanders' Complaint and application to proceed in forma pauperis ("IFP"). Sanders is confined at the Federal Correctional Institution ("FCI") – McKean, located in Bradford, Pennsylvania. Sanders complains that Defendants have negligently and fraudulently denied him due process and violated the Eighth Amendment since 2016 by "holding back [his] 2255 Motion by Request To Philadelphia, PA etc." Compl., ECF No. 1. Sanders provides no further details regarding this claim.

The court lacks jurisdiction over Sanders' claims, and he may not proceed IFP pursuant to 28 U.S.C. § 1915(g). This action is DISMISSED, and Sanders' IFP application is DENIED.

# I. LACK OF JURISDICTION

On May 6, 2009, the United States District Court for the Eastern District of Pennsylvania sentenced Sanders to 240 months imprisonment on seventeen separate charges. *See United States v. Sanders*, Cr. No. 07-430-1 (E. Dist. Pa., 2009). On June 8, 2016, Sanders, through the Federal Community Defender's Office for the Eastern District of Pennsylvania, filed a Motion to Correct Sentence. That Motion is still pending and Sanders believes that "Defendants" are somehow impeding its resolution.

Sanders' intent in filing this pleading in the District of Hawaii is unclear. If he seeks resolution in the District of Hawaii regarding his pending Motion to Correct Sentence, this court lacks jurisdiction. A federal prisoner may challenge the manner, location, or conditions of a sentence's execution by filing a petition pursuant to 28 U.S.C. § 2241 in the "custodial court" -- that is, the court of the district in which he is incarcerated. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000). If the prisoner challenges the legality of his conviction or sentence, a motion under 28 U.S.C. § 2255, filed in the court of conviction, is the exclusive means by which he may test the legality of his detention. *Stephens*, 464 F.3d at 897; *Tripati v. Henman*, 843 F.2d 1160, 1161–62 (9th Cir. 1988). A federal court may not

consider granting or denying relief in a habeas action over which it has no jurisdiction. *Hernandez*, 204 F.3d at 865. Sanders was not prosecuted, convicted, or imprisoned in Hawaii. As far as can be determined from his pleading and the court's records, Sanders has no connection to Hawaii. This court lacks jurisdiction to consider Sanders' claims regarding his conviction or sentence.

To the extent Sanders seeks a writ of mandamus to compel the Eastern District of Pennsylvania to address his Motion to Correct Sentence more expeditiously, this court also lacks jurisdiction to do so. While "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," 28 U.S.C. § 1361, mandamus is not a substitute for an appeal from a decision by a district court. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004). A writ of mandamus may be used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005) (citation omitted)

The District of Hawaii is not a court "superior" to the Eastern District of Pennsylvania, cannot sit as a quasi-appellate court over that district court, and has no jurisdiction or duty to compel the Eastern District of Pennsylvania, its U.S.

Attorney, or any other federal officers in that district to take action in Sanders' pending Motion to Correct Sentence. If Sanders seeks an order directing the Eastern District of Pennsylvania to issue a decision regarding his pending Motion to Correct Sentence, he must pursue such relief with the Court of Appeals for the Third Circuit.

## II. 28 U.S.C. § 1915(g)

To the extent Sanders seeks damages from Defendants for some alleged violation of his civil rights pertaining to his pending Motion to Correct Sentence, he is foreclosed from proceeding IFP. A prisoner may not bring a civil action or appeal if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed" as frivolous, malicious, or for failure to state a claim, unless he or she "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). The imminent danger exception only "applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of

4

serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

Sanders has accrued at least three strikes while a prisoner pursuant to § 1915(g). *See Sanders v. United States*, Civ. No. 17-2909 (N.D. Ill. May 12, 2017) (dismissed as frivolous and for failure to state a claim); *Sanders v. United States*, Civ.No. 17-277 (E.D. Mo. Feb. 23, 2017) (dismissed as "legally frivolous"); *Sanders v. United States*, Civ. No. 17-1110 (S.D. Tex. Apr. 27, 2017) (dismissed as frivolous); *see also Sanders v. United States*, Civ. No. 17-252 (M.D. Fla. June 19, 2017) (treating Sanders as a "threestriker"). Nothing within Sanders' pleading suggests that he is in imminent danger of serious physical injury, and his IFP applications are DENIED.

Finally, Sanders fails to state any coherent civil rights claim. And, nothing within his pleading explains why venue over any civil rights claim he might allege in this pleading arises in the District of Hawaii. Sanders states that the alleged illegal delay in his Motion to Correct Sentence began when he was incarcerated at FCI–Fort Butner, in North Carolina, and is continuing in FCI-McKean, in Bradford, Pennsylvania. Plaintiff does not state a colorable claim, and it is evident that he cannot state such a claim in connection to his Motion to Correct Sentence where venue would ever be proper in Hawaii. Sanders' action is DISMISSED, and

5

because amendment is futile, this dismissal is without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (allowing dismissal without leave to amend when amendment is futile).

## III. CONCLUSION

Because this Court lacks jurisdiction over Sanders' claims, and he may not proceed IFP pursuant to 28 U.S.C. § 1915(g), this action is DISMISSED without leave to amend, and Sanders' IFP application is DENIED. Any pending motions are DENIED as moot. The Clerk is DIRECTED to close the case and note that this dismissal is pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated: July 9, 2018 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Christopher Sanders, et al v. The City & State of Hawaii, et al.*;
Civil No. 18-00262 DKW KSC; **ORDER DISMISSING ACTION AND DENYING IN FORMA PAUPERIS APPLICATION**

*Sanders v. City and State of H. Hawaii*, 1:18-cv-00262 DKW-KSC; 3 stks 2017 (fed pris, dsm, friv, ven, 3 stks)